IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )        Chapter 7
TIMOTHY A. GERHOLDT,                )
                                    )        Bankruptcy No. 11-01321
        Debtor.                     )

## ORDER RE: MOTION TO DISMISS

This matter came before the undersigned on September 14, 2011 for hearing on the Motion to Dismiss filed by AgVantage FS.   Debtor Timothy Gerholdt was represented by attorney Michael C. Dunbar.   Wesley B. Huisinga appeared as Chapter 7 Trustee.   Attorney John Schmillen appeared for the U.S. Trustee. Creditor AgVantage FS was represented by attorney Mark D. Walz.   After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Creditor AgVantage FS seeks dismissal, asserting Debtor cannot commence a bankruptcy case through a filing under a power of attorney he gave to his father. The Chapter 7 Trustee and the U.S. Trustee object that dismissal of the case would prejudice creditors.   They argue the power of attorney was sufficient to give Debtor's father authority to file this case.

## FINDINGS OF FACT

AgVantage FS moves to dismiss the bankruptcy case.   It asserts the Court has no jurisdiction as Debtor's father, Dale Gerholdt, filed the case on Debtor's behalf, while Debtor was in prison.   AgVantage argues the power of attorney given to Debtor's father does not authorize him to file the bankruptcy petition for Debtor. Debtor filed a consent to the Motion to Dismiss.

Trustee objects.   He states filing the bankruptcy petition pursuant to a Power of Attorney is appropriate in the circumstances.   Debtor testified at a telephonic 341 meeting that he authorized the filing.   Trustee anticipates recovering assets through an action for turnover of life insurance transferred to Dale Gerholdt prepetition with a cash value of $38,000.   U.S. Trustee joins in Trustee's objection.   He agrees that dismissal would prejudice creditors.   The broad authority granted in the power of attorney and Debtor's ratification of the filing supports denial of the Motion to Dismiss.

## CONCLUSIONS OF LAW

Pursuant to Fed. R. Bankr. P. 9010(a), a debtor may appear and "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy."   It is well-settled that an attorney-in-fact may commence a bankruptcy case in appropriate circumstances.   In re Curtis, 262 B.R. 619, 622 (Bankr. D. Vt. 2001); In re O'Connor, 2009 WL 1616105, at *2 (Bankr. N.D. Ohio Feb. 27, 2009).   The argument that no authority exists to allow a bankruptcy petition to be filed under a power of attorney is not persuasive in light of Rule 9010.   In re Gridley, 131 B.R. 447, 449 (Bankr. D.S.D. 1991).

> Specifically, an attorney-in-fact may commence a bankruptcy case on behalf of a debtor so long as: (1) the debtor qualifies as a debtor under 11 U.S.C. § 109, (2) the commencement of a bankruptcy case is within the scope of authority granted to the attorney-in-fact, and (3) such action by the attorney-in-fact does not constitute the practice of law.

O'Connor, 2009 WL 1616105, at *2 (citing Curtis and In re Hurt, 234 B.R. 1, 2 (Bankr. D.N.H. 1999)).   The attorney-in-fact authority is sufficient if it grants a general authority to litigate, or broad authority over financial and legal affairs, without specifically mentioning bankruptcy.   O'Connor, 2009 WL 1616105, at *2 (collecting cases).

One court has stated that certain requirements must be met when a case is commenced under a power of attorney.   Hurt, 234 B.R. at 2.   The attorney in fact must execute the documents as the debtor's representative, a copy of the power of attorney must be filed with the petition, the representative must appear at the first

2

meeting of creditors, and the petition should show the current mailing address for the debtor.   Id. at 2-3.

## ANALYSIS

Having reviewed the petition, the Court finds it contains a copy of the General Power of Attorney.   The Power of Attorney is on an Iowa State Bar Association form.   It gives the Dale Gerholdt "full power and authority" to conduct Debtor's affairs, with a non-exclusive list labeled A through O.   Within the list are extensive rights to manage Debtor's property and accounts and, in paragraph I., "[t]o defend, initiate prosecute, settle, arbitrate, dismiss or dispose of any lawsuits, administrative hearings, claims, actions, attachments, injunctions, arrests or other proceedings, or otherwise participate in litigation which might affect me."   The Court concludes that this General Power of Attorney is broad enough in scope to authorize Dale Gerholdt to file Debtor's Chapter 7 bankruptcy petition.

The record shows that Dale Gerholdt attended the first meeting of creditors as Debtor's attorney-in-fact and included Debtor's mailing address on the Chapter 7 petition.   He should, however, amend the petition to show that he executed it as Debtor's representative.   The Court ultimately holds that Debtor's Chapter 7 petition was properly filed by his attorney-in-fact, Dale Gerholdt.

**WHEREFORE**, the Motion to Dismiss filed by AgVantage, FS is DENIED.

**FURTHER**, Dale Gerholdt is directed to amend the Chapter 7 petition to show he executed it on Debtor's behalf under the General Power of Attorney.   This directive shall also apply to any future filings he makes on Debtor's behalf.

Dated and Entered:   September 16, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

3