IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| TIMOTHY A. GERHOLDT, | ) | |
| | ) | Bankruptcy No. 11-01321 |
| Debtor. | ) | |

## ORDER RE: OBJECTION TO CLAIM OF EXEMPTION

This matter came before the undersigned on September 14, 2011 for hearing on the Objection to Claim of Exemption filed by AgVantage FS.   Debtor Timothy Gerholdt was represented by attorney Michael C. Dunbar.   Wesley B. Huisinga appeared as Chapter 7 Trustee.   Attorney John Schmillen appeared for the U.S. Trustee.   Creditor AgVantage FS was represented by attorney Mark D. Walz. After the presentation of evidence and argument, the Court took the matter under advisement.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Creditor AgVantage FS objects to Debtor's homestead exemption.   It states Debtor has been incarcerated, mostly in Texas, since before September 17, 2010 and was sentenced on March 16, 2011 to 14 years in federal prison.   Debtor commenced this Chapter 7 case on June 3, 2011.   He is currently incarcerated in the U.S. Penitentiary in Marion, Illinois.

In Schedule C, Debtor lists real estate in Cedar Falls as his exempt homestead. AgVantage states the property has been leased and Debtor will not live there in the foreseeable future.   It argues that Debtor is not entitled to claim this property exempt because he did not reside there when his case was commenced and will not return to it in the foreseeable future.   Debtor's father and attorney-in-fact, Dale Gerholdt, testified that Debtor resided at the real estate claimed exempt for some time prior to his incarceration and intends to return when his sentence ends.

## CONCLUSIONS OF LAW

The purpose of homestead laws is

to promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen, and by preserving a home where the family may be sheltered and live beyond the reach of economic misfortune.   "[T]o secure the benevolent purposes of the homestead laws," we construe these laws broadly and liberally "in favor of the beneficiaries of the legislation."

In re Estate of Tolson, 690 N.W.2d 680, 682 (Iowa 2005) (citations omitted); AgVantage FS, Inc. v. Western Farming, Inc., 2011 WL 2695283, at *8 (Iowa App. 2011).   Under Iowa law, "[t]he homestead must embrace the house used as a home by the owner."   Iowa Code § 561.1(a).   Iowa courts have long held that the homestead must be the place of actual residence.   Givans v. Dewey, 47 Iowa 414 (1877); In re Wipperling, 286 B.R. 106, 108 (Bankr. N.D. Iowa 2002). "Occupancy of the dwelling house, except when the owner is temporarily absent with a fixed purpose to return, is essential to claim the [homestead] right."   Berner v. Dellinger, 222 N.W. 370, 371 (Iowa 1928).

A removal from a homestead is an abandonment of the exemption, unless the move was intended to be temporary.   Kimball v. Wilson, 13 N.W. 748, 748 (Iowa 1882).   The homestead right "will continue during a temporary absence while the owner has a fixed and definite intention of returning."   In re Powers, 286 B.R. 726, 728 (Bankr. N.D. Iowa 2002), citing In re McClain's Estate, 262 N.W. 666, 669 (Iowa 1935).   When an absence from the homestead is prolonged, the intention to return to the premises as a home should be clear and unmistakable.   Fyffe v. Beers, 18 Iowa 4, 1864 WL 266, at *4 (Iowa 1864).   The owner may meet this burden by showing a continued and fixed purpose to return with the question resting primarily on the owner's actual intent.   In re Roberts, 450 B.R. 159, 169 (N.D. Iowa 2011). The party objecting to a homestead exemption has the burden to prove the exemption is not properly claimed.   Fed. R. Bankr. P. 4004; In re Stenzel, 301 F.3d 945, 947 (8th Cir. 2002); In re White, 293 B.R. 1, 4 (Bankr. N.D. Iowa 2003).

The Iowa Supreme Court has found that the incarceration of a wife in an insane asylum after her husband's death does not affect her homestead rights.

2

<u>Floyd County v. Wolfe</u>, 117 N.W. 32, 34 (Iowa 1908).   Minnesota courts have found exception to the physical occupancy requirement for homesteads under Minnesota law in cases involving imprisonment or mental incapacity.   <u>In re Mueller</u>, 215 B.R. 1018, 1025 (B.A.P. 8th Cir. 1998).   Texas courts have held a homestead is not abandoned merely because a person does not occupy the home during a prison sentence.   <u>Driver v. Conley</u>, 320 S.W.3d 516, 519 (Tex. App. 2010). Likewise, Kansas courts have concluded that the fact the owner was incarcerated did not result in voluntary abandonment of the homestead.   See <u>In re Hall</u>, 395 B.R. 722, 734 (Bankr. D. Kan. 2008); <u>see also</u> <u>In re Crabb</u>, 2007 WL 7209436, at *3-4 (Bankr. S.D. Cal. Jun. 21, 2007) (finding incarcerated debtor was entitled to California homestead exemption).

## ANALYSIS

Based on the foregoing, and in light of the mandate that Iowa's exemption statutes be liberally construed, the Court concludes that Debtor is entitled to claim his real estate exempt as his homestead even though he is currently incarcerated. Testimony at trial establishes that Debtor lived at the homestead real estate prior to the time he was incarcerated and he intends to return after completing his sentence. AgVantage has the burden to prove Debtor's homestead is not properly claimed exempt.   The only proof it has put forward is the fact that Debtor is incarcerated. This is insufficient to defeat Debtor's homestead exemption.

**WHEREFORE**, the Objection to Claim of Exemption is DENIED.

Dated and Entered:   September 16, 2011

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

3